UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KRISTINA MIERNIK,

    Plaintiff,

v.                                          Case No. 8:22-cv-1395-TPB-AAS

W.S. BADCOCK CORPORATION,

    Defendant.
_____/

**ORDER DENYING "DEFENDANT, W.S. BADCOCK CORPORATION'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT"**

This matter is before the Court on "Defendant, W.S. Badcock Corporation's Motion to Dismiss Plaintiff's First Amended Class Action Complaint and Incorporated Memorandum of Law," filed August 26, 2022. (Doc. 20). Plaintiff filed her response in opposition on September 14, 2022. (Doc. 22). After reviewing the motion, response, court file, and record, the Court finds as follows:

**Background**[1]

Defendant W.S. Badcock sells and finances home furniture and electronics to consumers with lower credit scores. According to Plaintiff Kristina Miernik, for around six months, Defendant placed twenty-three prerecorded debt collection calls to her phone. Plaintiff alleges that she never provided Defendant with her phone

---

[1] The Court accepts as true the facts alleged in the complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

number, and she never gave Defendant consent to contact her with prerecorded voice calls.

On June 20, 2022, Plaintiff filed a class-action lawsuit against Defendant alleging it violated § 227(b) of the Telephone Consumer Protection Act ("TCPA") by initiating illegal telemarketing calls to Plaintiff and other non-consenting individuals. On August 15, 2022, Plaintiff filed an amended complaint. Defendant now moves to dismiss the complaint for lack of standing.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the

complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

In its motion, Defendant argues that the Court lacks subject matter jurisdiction because the constitutional standing requirements of Article III are not satisfied. To have standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

"The TCPA subjects to liability a person who (1) uses an automatic telephone dialing system or a pre-recorded voice (2) to call (3) a cellular phone (4) in the absence of an emergency purpose or the 'prior express consent' of the recipient." *Weister v. Vantage Print AI, LLC*, No. 8:21-cv-1250-SDM-AEP, 2022 WL 3139373, at *3 (M.D. Fla. Aug. 3, 2022). In the amended complaint, Plaintiff alleges that she received twenty-three unsolicited phone calls with a pre-recorded message. She further alleges that she and other call recipients were harmed by these calls because they were temporarily deprived of legitimate use of their phones and their privacy was improperly invaded. Plaintiff has presented sufficient facts to confer Article III standing. *See id.* (concluding that plaintiff who received fifteen ringless voicemails established Article III standing); *Cordoba v. DIRECTV, LLC*, 942 F.3d

1259, 1270 (11th Cir. 2019) ("The receipt of more than one unwanted telemarketing call made in violation of the provisions enumerated in the TCPA is a concrete injury that meets the minimum requirements of Article III standing."). Defendant's motion to dismiss is denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant, W.S. Badcock Corporation's Motion to Dismiss Plaintiff's First Amended Class Action Complaint and Incorporated Memorandum of Law" (Doc. 20) is hereby **DENIED**.

(2) Defendant is directed to file an answer on or before October 20, 2022.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 6th day of October, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**